GEORGE H. GOEBEL v. POMEROY BROTHERS COMPANY.

Argued February 23, 1903—Decided August 15, 1903.

Where in an action for breach of a contract of hiring it appeared that the plaintiff's efforts to secure other employment were intermittent and not during the whole period after the breach of the contract by the defendant, a verdict in favor of the plaintiff for the whole unrun period of the contract is excessive and should be set aside.

On contract. On rule to show cause why a new trial should not be granted.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT and PITNEY.

For the plaintiff, *William W. Watson.*

For the defendant, *Gallagher & Kirkpatrick.*

FORT, J. This is an action for breach of a contract of hiring. While upon the plaintiff's case it may be that no breach of the contract of hiring, for one year, was proved to have occurred, yet there was no motion to nonsuit for that reason, and the defendant's proof makes clear the discharge of the plaintiff before the end of the year. The contract between the plaintiff and defendant was for the services of the plaintiff, as a salesman, from January 1st, 1901, to January 1st, 1902. He was discharged July 12th, 1901, and the jury have found that the discharge was without cause. A careful reading of the clear and forceful charge of the Chief Justice leaves no room to question the fact that the case was submitted to the jury upon correct legal principles.

Under the contract, as proven, the plaintiff was to have $14 per week and two per centum commission on all sales to new customers whom he secured and certain small bonus items under special conditions.

The verdict in the case is for $397.88, and this after deducting two undisputed items of credit—one of $17 and a note of $267.50. That was practically allowing the plaintiff $682.38. This was equal to the whole amount of his claim for the whole unrun period of his contract, including the full bonus. This would be proper if the proof would justify a finding that the plaintiff had made reasonably earnest efforts to secure other employment after the breach of his contract by the defendant. This we do not think the evidence warranted the jury in finding. It is quite clear that his efforts in this direction were intermittent, and not, during the whole period, of such a character as is requisite to entitle him to the full recovery for the whole unrun period of the contract. We think the verdict in the case is excessive and should be reduced to $200, and unless the plaintiff will elect to so reduce it the rule will be made absolute.